David R. STRAIT, Montie Strait, Shirley A. Strait,
Richland Center Foundry Company, and Wisconsin
Mutual Insurance Co., Plaintiffs-Appellants,

v.

Terry CRARY, General Casualty Company of Wisconsin,
and American Family Mutual Insurance Company,
Defendants-Respondents.

Court of Appeals

*No. 92-0198. Submitted on briefs September 10,
1992.—Decided December 17, 1992.*

(Also reported in — N.W.2d —.)

For the plaintiffs-appellants the cause was submitted on the briefs of *William H. Rudolph* of *Rudolph Law Office* of Hillsboro.

For the defendants-respondents the cause was submitted on the brief of *Michael W. Gill* of *Hale, Skemp, Hanson & Skemp* of La Crosse.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J. David Strait, a minor at the time of the events leading up to this action, appeals from a judgment dismissing his personal injury claims against Terry Crary after the jury found him sixty-one percent negligent with respect to the incident upon which the action was based.

While Strait raises several issues on the appeal, we consider one to be dispositive: whether the trial court erred in refusing to instruct the jury on the "special" standard of care applicable to children. We agree with Strait that the court's refusal to give the instructions

was reversible error. We therefore reverse the judgment and remand for a new trial of the liability issues.[1]

The events leading up to Strait's injury are largely undisputed. In May 1987, when Strait was sixteen years old, he and several other teen-agers went riding in Crary's pickup truck. Crary purchased beer and other intoxicants for the young people, and they soon became quite intoxicated. Crary, who was not drinking himself and remained sober throughout the evening, continued to drive the group through the countryside as they continued their drinking.

At some point in the evening, while Crary was driving down a country road (within the speed limit), Strait, who was sitting in the front seat, attempted to climb out of the passenger window and join the others in the box of the truck. He fell in the attempt and the truck ran over his leg, breaking it. Crary stopped the truck and, rather than call the police or an ambulance, decided to pick Strait up, place him back in the truck and drive him to the hospital—which he did, causing Strait additional pain and discomfort.

Strait and his parents sued Crary, claiming that he was negligent in the manner in which he operated his truck under the circumstances of the case.

At the trial's conclusion, Strait requested several jury instructions, among them Wis J I—Civil 1010, which sets a separate standard of care for children,[2] and its companion, Wis J I—Civil 1582, which instructs the

---

[1] The jury assessed Strait's aggregate damages in the sum of $110,026.29, and the findings comprising that assessment are not challenged on appeal. Thus, the only issues to be retried are those relating to the assessment and comparison of the parties' negligence.

[2] Wisconsin J I—Civil 1010 provides:

**1010 NEGLIGENCE OF CHILDREN**

jury that it must consider that special standard in comparing the parties' negligence.[3]

The trial court denied the requests, concluding that under the rather unusual facts of the case—particularly the drinking and the nature of the acts in which Strait was engaged when he fell from the truck—Strait, although a minor, should be held to the standard of care applicable to adults. The court explained its reasoning at the hearing on Strait's postverdict motions:

> If this had been a year-old child or a six-year-old child and the door was unlocked or the window was open or some such thing as that, then, yes, you have to give that instruction . . . as to children, the driver needs to take special precautions, that's obvious, but when you try to tell me that . . . a 21-year-old driver has got to take extra precautions when there is a 16-year-old passenger . . . crawling out the window to get [into] the back end of the truck, that is preposterous . . ..

---

As a child, (———) was required to use the degree of care which is ordinarily exercised by a child of the same age, intelligence, discretion, knowledge, and experience under the same or similar circumstances.

In determining whether (———) exercised this degree of care, you should consider the child's instincts and impulses with respect to dangerous acts, since a child may not have the prudence, discretion, or thoughtfulness of an adult.

[3] Wisconsin J I—Civil 1582 provides:

**1582 COMPARATIVE NEGLIGENCE: ADULT AND CHILD**

If you are to answer question ———, you should consider that ——— was an adult and ——— was a child and consider and weigh the credible evidence bearing on the inquiries presented, in the light of the difference in the rules which you were previously instructed to apply in determining whether the conduct of the parties was negligent.

As indicated, the jury found both Strait and Crary causally negligent and apportioned the negligence sixty-one percent to Strait and thirty-nine percent to Crary. The trial court denied Strait's postverdict motions and dismissed the action.

A trial court has wide discretion in accepting or rejecting requested jury instructions. *Raby v. Moe*, 149 Wis. 2d 370, 384, 441 N.W.2d 263, 268 (Ct. App. 1989), *rev'd on other grounds*, 153 Wis. 2d 101, 450 N.W.2d 452 (1990). But the court must instruct the jury with due regard to the facts of the case, and thus "[i]t is error for the trial court to refuse to instruct on an issue which is raised by the evidence." *Liles v. Employers Mut. Ins.*, 126 Wis. 2d 492, 500, 377 N.W.2d 214, 218 (Ct. App. 1985).

Here the central issue at trial was the comparative negligence of Strait and Crary. At the time of the accident Strait was a child and Crary was an adult. Thus the proper standard of care to be applied to the litigants was plainly raised by the evidence. Indeed, it was essential to the case. Nonetheless, the trial court declined to give the instructions that would have informed the jury of the law: that "different standards of ordinary care apply to [children and adults]." *Brice v. Milwaukee Automobile Ins. Co.*, 272 Wis. 520, 525, 76 N.W.2d 337, 340 (1956).[4] *See also Rossow v. Lathrop*, 20 Wis. 2d 658, 663, 123 N.W.2d 523, 526 (1963).

Crary argues that we should not find error in the court's refusal. He maintains that the case fits an "exception" to the adult/child rule which holds a child to the adult standard when he or she is "engaged in an activity which is typically engaged in only by adults . . .."

---

[4] *Brice* and an earlier case, *Hanson v. Binder*, 260 Wis. 464, 50 N.W.2d 676 (1952), are the sources for Wis J I—Civil 1010.

*See* Wis J I—Civil 1010, Comment; RESTATEMENT (SECOND) OF TORTS 283A cmt c (1965). Prosser explains the rule as follows:

> [W]henever a child, whether as plaintiff or as defendant, engages in an activity which is normally one for adults only, such as driving an automobile or flying an airplane, the public interest and the public safety require that any consequences due to his [or her] own incapacity shall fall upon him [or her] rather than the innocent victim, and that he [or she] must be held to the adult standard, without any allowance for . . . age. PROSSER, LAW OF TORTS § 32, at 156-57 (4th ed. 1971) (footnotes omitted).

Two things are apparent. First, the exception applies only in cases where the child is engaged in an "adults-only" or "licensed" activity, such as driving a car or flying an airplane.[5] Second, the rule is grounded on public policy considerations: that when a child is engaged in such adult activities, public policy requires that the child himself or herself, rather than any "innocent victim[s]" of the child's conduct, should suffer the consequences of that conduct.

Here, while it might be said that drinking to the point of intoxication is—generally, but certainly not exclusively—an adult-type activity, climbing around the outside of a moving vehicle may well not be. Even so, however, the policy underlying the rule—the result it was fashioned to avoid—is not implicated in this case, for there is no "innocent victim" of Strait's conduct.

---

[5] The comment to Wis J I—Civil 1010 describes the exception as limited to situations where the child is engaged in an adult activity "for which adult qualification or a license is required."

We conclude, therefore, that the exception to the rule holding minors to a different standard of care than adults is inapplicable to the facts of this case. As a result, the trial court erred when it implicitly adopted and applied that exception in rejecting Strait's proffered instructions.[6]

Crary disagrees. Citing *Shaw v. Wuttke*, 28 Wis. 2d 448, 137 N.W.2d 649 (1965), he maintains that Strait was not entitled to the instructions because he was violating a safety statute at the time he was injured.

In *Wuttke*, the supreme court held that an instruction informing the jury that a violation of a safety statute is negligence per se was appropriate regardless of the age of the violator, because "[t]he legal effect of a violation of a safety statute is visited upon adults and minors alike and there is no limiting or conditional application to a child . . .." 28 Wis. 2d at 460, 137 N.W.2d at 655. The *Wuttke* court never considered, however, whether submission of the safety-statute instruction precludes instructing the jury that, in appropriate circumstances, the general standard of ordinary care for a child is to be measured against other children, rather than adults. Indeed, in *Gonzalez v. City of Franklin*, 137 Wis. 2d 109, 135-37, 403 N.W.2d 747, 758-59 (1987), the court upheld a verdict apparently based on both the adult/child standard-of-care instruction and one relating to the child's violation of a safety statute. Crary has not persuaded us

---

[6] Crary also relies on a Colorado Court of Appeals decision, *Kushnir v. Benson*, 520 P.2d 134, 136 (Colo. App. 1973), in support of his argument. *Kushnir*, however, is based on the RESTATE-MENT/PROSSER statement of the rule which, as indicated, we believe to be inapplicable to the facts of this case.

that *Wuttke* compels a result other than that which we reach in this case.[7]

Finally, we conclude that the court's error in rejecting the requested instructions requires a new trial on the liability issues. The test we apply in considering whether the erroneous rejection of a jury instruction is prejudicial and requires a new trial, is whether there is a probability that the jury was misled. *Raby*, 149 Wis. 2d at 384, 441 N.W.2d at 268. "Stated another way, an error relating to the refusal to give an instruction is not prejudicial if it appears that the result would not be different had the error not occurred." *Hoeft v. Friedel*, 70 Wis. 2d 1022, 1037, 235 N.W.2d 918, 925 (1975).

There is little doubt that refusing to give an instruction which apprises the jury of the standards of care they must apply to the parties may constitute prejudicial error. *See Weggeman v. Seven-Up Bottling Co.*, 5 Wis. 2d 503, 517, 93 N.W.2d 467, 476 (1958), *amended*, 5 Wis. 2d 517a, 94 N.W.2d 645 (1959).

Here the legal error was plain. The instructions as given told the jury to hold Strait to the same standard of care as Crary, an adult, and to compare that negligence without considering Strait's age. As we have indicated above, the law states otherwise. And we believe the error goes to the heart of the case, which was, as we also have

---

[7] We note in this regard that Strait has conceded that he was negligent and has not argued that the safety statute does not apply. He merely argues that his negligence was less than Crary's; and it has long been held—in accordance with Wis J I—Civil 1582—that the fact that one of the parties is a child should be taken into consideration in apportioning negligence. *See Bell v. Duesing*, 275 Wis. 47, 52, 80 N.W.2d 821, 823 (1957).

indicated, the assessment and comparison of Strait's and Crary's negligence. We are satisfied that it is probable that the jury was misled by such an instruction and that the result of the jurors' assessment and comparison of the parties' negligence might have been different if they had been properly instructed. We therefore reverse and remand for a new trial on those issues.

*By the Court.*—Judgment reversed and cause remanded with directions for further proceedings consistent with this opinion.