HRUZ, J.
*624 ¶1 Dale Goshaw and Auto-Owners Insurance Company appeal a money judgment entered in favor of Nevin Smith in this negligence action. Smith, a tenant at an apartment building owned by Goshaw, sustained injuries when the fire escape he was standing on outside the building collapsed.
*625 ¶2 At trial, Smith requested a modification to the standard jury instruction regarding a landlord's duty of ordinary care to a tenant, WIS JI- CIVIL 8020 (2013). The modification added: "Every building and all parts thereof shall be kept in good repair." After being given this modified instruction over Goshaw's objection, the jury found Goshaw negligent with respect to the inspection, maintenance and repair of the premises, and it awarded Smith damages.
¶3 We conclude the modification to the 8020 instruction was erroneous and had the likely effect of misleading the jury regarding the correct legal standard for negligence. We also conclude Goshaw was prejudiced by the erroneous instruction because the instruction invited the jury to apply an incorrect legal standard and because it was highlighted by Smith's counsel during his closing argument. Accordingly, we reverse the judgment and remand for a new trial.[1]
BACKGROUND
¶4 Smith was injured in October 2013 when a fire escape outside of his apartment unit collapsed. Smith was standing on the fire escape when it gave way, and he fell to the ground. He suffered several injuries as a result of the fall, including a hip injury that required surgery. Smith was a tenant residing in the building, which Goshaw owned.
¶5 Smith filed this negligence action against Goshaw and his liability insurer.[2] The matter was tried *626 to a jury over four days. Smith's theory at trial was that Goshaw was negligent for failing to inspect the bolts that attached the fire escape to the structure and for failing to repair a known issue regarding a doorway area near the fire escape that was affected by water infiltration and dry rot in some areas.[3] Goshaw's position was that he had no *623 reason to believe there were any structural issues with the fire escape and that dry rot in other areas was not the cause of the fire escape's failure. At the conclusion of the trial, the jury returned a special verdict finding that Goshaw had been "negligent with respect to inspection, maintenance, or repair of the fire escape," and that such negligence was the cause of Smith's injuries.
¶6 Goshaw filed a postverdict motion for a new trial. Goshaw argued that the jury was instructed on an incorrect legal standard based upon the circuit court's decision to modify WIS JI- CIVIL 8020 (2013). In general, and as relevant to this case, the 8020 instruction states that an owner of real property must use ordinary care to maintain his or her premises so as to avoid exposing persons lawfully on the property to an unreasonable risk of harm under the circumstances.
¶7 During the jury instruction conference, Smith had requested that the circuit court add the following language at the beginning of the 8020 instruction: "Every building and all parts thereof shall be kept in good repair." The court granted the modification *627 over Goshaw's objection. Goshaw's subsequent motion for a new trial asserted the modification effectively subjected him to strict liability for any unsafe condition, regardless of whether he had actual or constructive knowledge of the condition. Goshaw argued the error was compounded by Smith's attorney emphasizing the "good repair" instruction during closing argument.
¶8 The circuit court denied the motion for a new trial, noting the added language mimicked a provision in the Wisconsin Administrative Code. The court stated the instruction "does not read to me to create a strict liability requirement," and it concluded the jury would reasonably understand the "good repair" instruction as merely a component of the other standards articulated in the 8020 instruction. For those reasons, the court also concluded any error in modifying the 8020 instruction did not prejudice Goshaw. Goshaw now appeals.
DISCUSSION
¶9 A circuit court has broad discretion to craft jury instructions based upon the facts and circumstances of the case. Dakter v. Cavallino , 2015 WI 67, ¶31, 363 Wis. 2d 738, 866 N.W.2d 656. The court must, however, exercise that discretion in a way that fully and fairly informs the jury of the rules of law applicable to the case and that assists the jury in making a reasonable analysis of the evidence. Id. Whether the circuit court erred by stating the law incorrectly or in a misleading manner is a question of law this court reviews de novo. Id. , ¶32.
*628 ¶10 Goshaw contends the "good repair" modification to the 8020 instruction had the effect of heightening the applicable standard of care from ordinary negligence to that of strict liability. In Pagelsdorf v. Safeco Insurance Co. of America , 91 Wis. 2d 734, 284 N.W.2d 55 (1979), our supreme court "[a]brogat[ed] the landlord's general cloak of immunity at common law" and held "that a landlord must exercise ordinary care toward his tenant and others on the premises with permission." Id. at 735, 284 N.W.2d 55. This rule permits a person who is lawfully on the premises, and who is injured as a result of the landlord's failure to exercise ordinary care in inspecting or maintaining the property, to recover from the landlord "under general negligence principles." Id. at 745, 284 N.W.2d 55.
*624 ¶11 The "general negligence principle" at play in this case is the duty of care a landlord owes to a tenant. See Antwaun A. ex rel. Muwonge v. Heritage Mut. Ins. Co. , 228 Wis. 2d 44, 55, 596 N.W.2d 456 (1999). Wisconsin law generally imposes on all persons a "duty of reasonable care to refrain from those acts that unreasonably threaten the safety of others." Id. In determining whether a person had a duty in relation to a particular risk of harm, we focus on the foreseeability that the act or omission would cause harm to someone. Id. The ultimate question of whether a landlord has exercised ordinary care in the maintenance of the premises requires an examination of the totality of the circumstances, including "[i]ssues of notice of the defect, its obviousness, [the landlord's] control of the premises," and other relevant factors. Pagelsdorf , 91 Wis. 2d at 745, 284 N.W.2d 55.
*629 ¶12 We agree with Goshaw that the "good repair" instruction given to the jury operates contrary to the required "totality of the circumstances" analysis in ascertaining the scope of Goshaw's duty regarding the fire escape. The jury was told that the landlord has a duty to keep "[e]very building and all parts thereof ... in good repair." Focusing strictly on this additional language, there is no qualification of the duty of "good repair"; rather, the instruction presents the duty as being absolute. Thus, the jury could have reasonably understood this instruction to allow a negligence finding merely because the fire escape experienced a structural failure. Such a finding would have obviated the need for the jury to answer the more difficult question of whether Goshaw's conduct in inspecting or maintaining the building and its structures unreasonably threatened the safety of his tenants, including the subsidiary question of whether he had actual or constructive knowledge of the unsafe condition. Again, the standard of ordinary care is an objective standard; "it is the care that would be exercised by a reasonable actor under the circumstances. " Dakter , 363 Wis. 2d 738, ¶41, 866 N.W.2d 656.
¶13 "We review jury instructions as a whole to determine whether 'the overall meaning communicated by the instructions was a correct statement of the law ....' " Id. , ¶32 (quoting Fischer v. Ganju , 168 Wis. 2d 834, 850, 485 N.W.2d 10 (1992) (ellipses in Dakter )). Smith argues this contextual approach requires us to reject Goshaw's argument, because the jury was given proper instructions regarding the duty of ordinary care immediately after receiving the "good *630 repair" instruction. The entirety of the court's instructions relevant to this appeal was as follows:
Question 1 of the verdict form asks if Dale Goshaw was negligent. A person is negligent when he fails to exercise ordinary care. Ordinary care is the care which a reasonable person would use in similar circumstances.
A person is not using ordinary care and is negligent if the person, without intending to do harm, does something or fails to do something that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property.
....
Every building and all parts thereof shall be kept in good repair. An owner of property must use ordinary care under the existing circumstances to inspect, repair, and maintain his or her premises to avoid exposing ... persons on the property with consent to an unreasonable risk of harm.
"Ordinary care" is the degree of care which the great mass of people ordinarily use under the same or similar circumstances. A person fails to use ordinary care when, without intending to do any *625 wrong, he or she ... does an act or omits a precaution under circumstances in which a person of ordinary intelligence and prudence should reasonably foresee that the act or omission ... will subject another person or property ... to an unreasonable risk of injury or damage.
In performing this duty, an owner of premises must use ordinary care to discover conditions or defects on the property which expose a person to an unreasonable risk of harm.
If an unreasonable risk of harm existed and the owner was aware of it or if in the use of ordinary care he *631 should have been aware of it, then it was his duty to either correct the condition or danger or warn other persons of the condition or risk as was reasonable under the circumstances.
(Emphasis added.) In Smith's view, Goshaw's appellate arguments have "no factual basis" because the issue of whether Goshaw should have known about the problem with the fire escape was "clearly addressed" by the jury instructions.
¶14 Contrary to Smith's argument, the erroneous instruction in this case was not cured merely because the circuit court gave other, appropriate instructions regarding the standard of care. "A circuit court can err in instructing the jury not only by misstating the law but also by stating the law in a manner likely to mislead the jury." Dakter , 363 Wis. 2d 738, ¶84, 866 N.W.2d 656. Here, the court's misstatement of the standard of care embedded in the added "good repair" language also created a likelihood of confusion. The jury was essentially instructed that it could find liability in two ways: by finding that Goshaw had failed to keep the apartment unit in good repair, or by finding that he had not used ordinary care when inspecting or maintaining the unit. Only the latter was a correct statement of the law.
¶15 Smith also argues the circuit court did not, in fact, misstate the law, because the "good repair" instruction merely reflected provisions found in the Wisconsin Administrative Code and in a City of Eau Claire ordinance.[4] However, "[t]he violation of a statute *632 or an ordinance does not automatically impose civil liability." Holt v. Hegwood , 2005 WI App 257, ¶13, 287 Wis. 2d 853, 708 N.W.2d 21 (footnote omitted). Rather, a violation of a statute constitutes negligence per se only when the plaintiff demonstrates that the harm inflicted was of the type the statute was designed to prevent, the person injured was within the class of persons protected by the statute, and there is some expression of legislative intent to impose civil liability. Raymaker v. American Family Mut. Ins. Co. , 2006 WI App 117, ¶20, 293 Wis. 2d 392, 718 N.W.2d 154.
¶16 Smith does not directly respond to Goshaw's assertion that neither the administrative code provision nor the local ordinance at issue can support negligence per se under the Raymaker analysis. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (observing that unrefuted arguments may be deemed conceded). In particular, nothing Smith presents suggests an intent by either provision's author to provide a basis for civil liability. Rather, Smith appears to argue that the "good repair" instruction merely captured a "common sense ... duty to *626 maintain property," which implies a prior knowledge of the unsafe condition. This assertion is merely a repackaging of Smith's contextual argument, which we have rejected. See supra ¶¶13-14. As we have explained, a reasonable juror could understand the "good repair" instruction as permitting it to find fault without regard to whether Goshaw had exercised ordinary care in inspecting or maintaining the premises. *633 ¶17 Smith argues "Wisconsin courts routinely give standard of care instructions consistent with the circumstances of th[is] case." The only example of this "routine" practice Smith offers is Alvarado v. Sersch , 2003 WI 55, 262 Wis. 2d 74, 662 N.W.2d 350, in which a person cleaning a vacant apartment discovered a "candle" that was in fact a firework, severely injuring her hand when she lit it. Id. , ¶5. The injured party filed a negligence action against the apartment owner and the property manager. Id. , ¶6. The action was subsequently dismissed based upon the circuit court's conclusion that the defendants did not have a duty of care based upon the unforeseeability of the potential harm. Id. , ¶7.
¶18 Alvarado does not help Smith's cause here. Our supreme court, noting the "complex" issues presented in that case and the matter's "attenuated" factual connections, expressed a preference for a full trial prior to applying public policy factors to bar liability. Id. , ¶¶20-21. Smith emphasizes the court's reasoning that a jury would "hear testimony about the standard of care that a reasonable property manager would exercise in inspecting a vacated apartment," as well as the court's observation that the plaintiff had submitted an expert opinion that a property manager should have a safety program that anticipates potential hazards. Id. , ¶21. Yet this was precisely the type of fact-intensive inquiry the jury need not have undertaken in this case pursuant to the "good repair" modification to the 8020 instruction. Taken at face value, that modification informed the jury that it could find liability without regard to whether Goshaw had made reasonable efforts to maintain the property or discover defects in its structures.
*634 ¶19 Even when a jury is given an erroneous instruction, a new trial is warranted only if the error was prejudicial. Dakter , 363 Wis. 2d 738, ¶33, 866 N.W.2d 656. "An error is prejudicial when it probably misled the jury." Kochanski v. Speedway SuperAmerica, LLC , 2014 WI 72, ¶11, 356 Wis. 2d 1, 850 N.W.2d 160. Whether an error is prejudicial is a question of law this court decides de novo. Dakter , 363 Wis. 2d 738, ¶33, 866 N.W.2d 656.
¶20 Instructions that misadvise a jury of the relevant legal standard are particularly problematic, as the error tends to go to the heart of the case. See Strait v. Crary , 173 Wis. 2d 377, 385-86, 496 N.W.2d 634 (Ct. App. 1992). Goshaw argues there was an "obvious danger" that the jury might latch onto the "good repair" instruction, which was "simple and had common-sense appeal." Goshaw emphasizes that his duty was only one of ordinary care, and he did not have a specific duty of care to others so as to prevent the fire escape from collapsing or, without him having at least constructive knowledge of a particular defect, to always keep the building in good repair.
¶21 Goshaw further argues that the risk of the jury misusing the "good repair" instruction was "amplified when Smith's attorney used his closing argument to single out and draw attention to the misstatement [of law]." In Goshaw's view, "Smith won this case by shifting the legal standard in his favor with an erroneous jury instruction and with a closing argument based on that instruction." For these reasons, *627 Goshaw contends the jury did not properly consider his actual duty of ordinary care under the law, and the real controversy regarding his negligence was almost certainly not addressed by the jury. *635 ¶22 We agree with Goshaw that the erroneous instruction regarding the operative legal standard, coupled with Smith's attorney's decision to highlight that instruction during closing argument, was prejudicial and therefore requires a new trial. During the initial portion of his closing arguments, Smith's attorney stated:
The judge just read you a series of jury instructions, and the one that sticks out in my mind is every building and all parts thereof shall be kept in good repair.
Exhibit 2 is not good repair. The threshold, the ledger board in Exhibit 1 is not good repair. Those are not things that happen overnight. This injury occurred on October 24th of 2013. This [damage] didn't just happen on the 22nd where Mr. Goshaw may not have had notice.[5 ]
(Emphasis added.) This closing argument directly invited jury confusion by emphasizing the "good repair" instruction alongside factors that are relevant to ascertaining whether Goshaw had a duty of ordinary care under the circumstances, such as constructive knowledge of the unsafe condition. Smith's closing argument heightened the risk that the jury would apply a hybrid legal standard or, at worst, simply conclude that Goshaw was negligent because the fire escape had failed.
*636 ¶23 Smith argues there can be no prejudice because the "good repair" instruction "merely repeated what the jury had already been told." Smith observes that both his trial expert and an Eau Claire city inspector had testified without objection from Goshaw that various codes governing building safety require structures to be maintained in a safe condition. However, such testimony did not warrant the modification to the 8020 instruction for two reasons.
¶24 First, the general rule in Wisconsin is that expert testimony is admissible only to address questions of fact, not law. See State v. Pico , 2018 WI 66, ¶42, 382 Wis. 2d 273, 914 N.W.2d 95 (collecting cases). The court is the only "expert" on domestic law, id. , ¶¶42-43, and as such it bears responsibility for properly instructing the jury on the legal standards it must use to reach a determination in a particular matter, State v. Neumann , 2013 WI 58, ¶89, 348 Wis. 2d 455, 832 N.W.2d 560.
¶25 Second, Smith's assertion that the erroneous instruction "merely repeated" certain testimony is unpersuasive because the issue at trial was whether Goshaw exercised ordinary care in inspecting the premises so as to avoid creating an unreasonable risk of harm to his tenants. As we have explained, and given the arguments made in this appeal, we cannot conclude that either the administrative code provision or local ordinance provided any basis for the imposition of civil liability. See supra ¶¶15-16. The testimony was thus far less important under these circumstances than the instructions regarding the actual legal standard the jury was to apply when assessing fault.
*628 *637 ¶26 Smith also argues Goshaw has forfeited his challenge to the erroneous "good repair" instruction because he failed to object to the above-discussed testimony. In making this argument, Smith misapplies State v. Saunders , 2011 WI App 156, 338 Wis. 2d 160, 807 N.W.2d 679. In that case, we held that a litigant had forfeited his right to raise on appeal the issue of a sleeping juror by waiting until after trial to bring the issue to the circuit court's attention. Id. , ¶¶28-32. Here, Goshaw does not seek reversal based upon the content of the witnesses' testimony. Rather, he seeks a new trial based on the erroneous jury instruction, to which Goshaw repeatedly objected at the jury instruction conference and again in a postverdict motion. This issue was in no sense forfeited.
¶27 Smith next argues there was no prejudice because "the evidence showing Goshaw should have inspected the fire escape attachments is uncontroverted." Specifically, Smith emphasizes the testimony of the city inspector that the area of visible dry rot was approximately twelve inches above one of the points at which the fire escape attached to the apartment structure. Smith also directs us to expert testimony that Goshaw should have inspected the fire escape connections and painted the fire escape to prevent rust.
¶28 However, taking into account all of the evidence adduced at trial, we cannot conclude the evidence was so overwhelming that Smith would have prevailed absent the erroneous portion of the jury instruction. Goshaw testified he was personally present every year for the city's inspection of the premises, and the inspector never raised any issue regarding the fire escape's structural stability. Both Goshaw and his expert witness testified the door components that had *638 sustained some dry rot damage were nonstructural trim materials. Although Goshaw conceded he had not replaced or repaired the rotting wood components noted by the city inspector prior to the fire escape's collapse, Goshaw's expert witness testified that none of the bolts that held the fire escape to the apartment structure were lagged into the damaged wood.
¶29 Elsewhere in his brief, Smith appears to argue any error was cured by the fact that the jury received the proper instruction regarding the standard of ordinary care. He emphasizes that a jury is presumed to follow the instructions given to it. See State v. Truax , 151 Wis. 2d 354, 362, 444 N.W.2d 432 (Ct. App. 1989). In this case, however, such a presumption merely begs the question of which instruction the jury was supposed to follow. As we have explained, the addition of the "good repair" instruction to WIS JI- CIVIL 8020 (2013) created a strong likelihood of confusion regarding the relevant legal standard. This error was prejudicial because the instruction was likely to mislead the jury, particularly where the erroneous instruction was singled out by Smith's counsel as the "one that sticks out in my mind" and was placed at the very beginning of the form 8020 instruction.
¶30 Finally, we note that Smith briefly advances the notion that the "good repair" instruction "was of no substantive difference from the language of the standard instruction." Besides being underdeveloped, this argument is both curious and incongruent with Smith's conduct in the trial court. Smith insisted on the additional language being included, over an objection, and then his counsel starkly highlighted that language at the beginning of his closing argument. If there is no substantive difference between the "good repair" language and standard instruction, then *639 there would have been little need for, much less an insistence on, its addition. Yet Smith *629 was resolute in his demand for the modification.
¶31 Under these circumstances, there is no way for us to know which legal standard the jury actually applied-the erroneous, unqualified "good repair" added instruction; the remainder of the correct, standard form instruction regarding the landlord's duty of ordinary care to persons lawfully present on his or her property; or some hybrid combination of the two instructions. Therefore, we conclude it is necessary to reverse the judgment. We remand the matter to the circuit court to conduct a new trial at which the jury is properly instructed on the correct negligence standard.
By the Court. -Judgment reversed and cause remanded for further proceedings.

Smith requests that we find Goshaw's appeal frivolous and award him costs and attorney fees. Given the disposition of this appeal, we conclude that Goshaw's appeal was not frivolous, and we deny Smith's request.

In addition to his negligence claim, Smith alleged a violation of the safe place statute, Wis. Stat. § 101.11 (2017-18). Apparently, the safe place claim was voluntarily dismissed prior to trial. All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Smith did not argue that Goshaw had actual knowledge of any defective or unsafe condition regarding the fire escape. Rather, Smith asserted that addressing the known water and dry rot issues would have revealed additional issues that, if corrected, would have prevented the fire escape's collapse.

Neither party provides a citation to the relevant administrative code or city ordinance provisions. We therefore assume, without deciding, that these provisions are consistent with the "good repair" instruction the jury was given in this case, in the sense that those provisions actually do impose a requirement of "good repair."

Smith argues we must presume a lack of prejudice in this case because the exhibits mentioned during his attorney's closing argument are not included in the appellate record. We do not regard the actual photographs as critical to our assessment of error in this case. Rather, the dispositive point is that the erroneous jury instruction was expressly relied on and highlighted by Smith's counsel at the beginning of his closing argument.