# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:            2019AP170

Complete Title of Case:

>        MONICA R. PENNELL,
>
>              PLAINTIFF-APPELLANT,
>
>        CANCER TREATMENT CENTERS OF AMERICA, EMPLOYEE BENEFIT
>        PLAN AND UNITEDHEALTHCARE OF WISCONSIN, INC.,
>
>              INVOLUNTARY-PLAINTIFFS,
>
>           V.
>
>        AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. AND
>        CARMELLA COVELLI,
>
>              DEFENDANTS-RESPONDENTS.

| | |
|---|---|
| Opinion Filed: | April 15, 2020 |
| Submitted on Briefs: | January 9, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Reilly, P.J., and Gundrum, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Andrew S. Wier* and *Jesse B. Blocker* of *Habush, Habush &Rottier, S.C.*, Racine. |
| Respondent ATTORNEYS: | On behalf of the defendants-respondent, the cause was submitted on the brief of *Janes C. Ratzel* of *Ratzel, Pytlik & Pezze, LLC*, Brrokfield. |

COURT OF APPEALS
DECISION
DATED AND FILED

April 15, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP170**

STATE OF WISCONSIN

Cir. Ct. No. 2017CV490

IN COURT OF APPEALS

MONICA R. PENNELL,

PLAINTIFF-APPELLANT,

CANCER TREATMENT CENTERS OF AMERICA, EMPLOYEE BENEFIT PLAN AND UNITEDHEALTHCARE OF WISCONSIN, INC.,

INVOLUNTARY-PLAINTIFFS,

V.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. AND CARMELLA COVELLI,

DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Kenosha County: DAVID M. BASTIANELLI, Judge. *Reversed and cause remanded with directions*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶1     REILLY, P.J.  Monica R. Pennell was injured in an automobile accident.  Pennell appeals from a money judgment entered in her favor against American Family Mutual Insurance Company, S.I. and Carmella Covelli.  Pennell argues the circuit court erred in refusing to instruct the jury as to whether Covelli's negligence was "a cause" of her injuries (WIS JI—CIVIL 1500) and erred in refusing to instruct the jury on "aggravation or activation" of a pre-existing condition (WIS JI—CIVIL 1720).  We agree with Pennell and reverse and remand for a new trial.

*Facts*

¶2     At trial, the parties disputed whose negligence caused the accident and whether Covelli's negligence was a cause of Pennell's injuries.[1]  Pennell suffered from headaches prior to the accident.  Pennell's expert testified that Pennell's pre-accident headaches were made worse by the accident and also that the treatment for the post-accident headaches exacerbated the pre-existing migraines.  Pennell's expert testified that Pennell's current diagnosis of occipital neuralgia[2] was "a permanent condition" and she was receiving treatment (injections in the neck) because of injuries she sustained in the accident at issue in this case.  American Family countered with their expert opining that Pennell's headaches were the result of a previous car accident, and while Pennell may have suffered a minor neck injury

---

[1]  The special verdict contained six questions.  The parties stipulated to the first two questions, which addressed whether Covelli was negligent in the operation of her vehicle and whether her negligence was a cause of the accident.  Questions three, four, and five pertained to whether Pennell was also negligent in the operation of her vehicle, whether her negligence was "a cause" of the "accident," and what percentage of the "total combined negligence" could be attributed to each of the drivers.  Question six asked the jury to determine what amount of money would "fairly and reasonably compensate" Pennell for her injuries and damages as a result of the accident.

[2]  A condition affecting the nerves at the base of the skull.

in the May 23, 2014 accident, any injuries she suffered were resolved within a few months.

¶3    At the instruction conference Pennell requested jury instructions WIS JI—CIVIL 1500 (addressing both accident and injury causation) and WIS JI—CIVIL 1720 (addressing aggravation or activation of pre-existing conditions).  The circuit court denied both of Pennell's requests.[3]  As to "cause," the court instructed only as to Pennell's negligence as a cause of the *accident*, i.e., the court refused to instruct the jury that they needed to decide whether Covelli's negligence was "a cause" of Pennell's *injuries*.

¶4    Pennell asked the jury for $45,271.10 in past medical expenses, $150,000 in future medical expenses, $510 for past wage loss, $45,000 for past pain and suffering, and $53,100 for future pain and suffering.  American Family countered that Pennell should be awarded only a portion of her past medicals and past pain and suffering and argued that Pennell was not entitled to any future medical expenses or future pain and suffering damages.  The jury awarded $23,711.36 for past medical expenses, $17,750 for past pain and suffering, and $510

---

[3]  American Family argues that Pennell waived her objections to her proposed instructions. *See State v. Gomaz*, 141 Wis. 2d 302, 318, 414 N.W.2d 626 (1987).  We disagree.  Pennell stated her grounds with particularity and preserved her objections for review. *See* WIS. STAT. § 805.13(3) (2017-18).  Pennell not only requested specific instructions (WIS JI—CIVIL 1500 and 1720) and submitted an alternate instruction, she also made the court and opposing counsel aware of her particularized objection, made her argument on the record, and obtained a final ruling from the court.   *See Douglas v. Dewey*, 154 Wis. 2d 451, 467, 453 N.W.2d 500 (Ct. App. 1990); *see also Air Wisconsin, Inc. v. North Cent. Airlines, Inc.*, 98 Wis. 2d 301, 311, 296 N.W.2d 749 (1980).  The circuit court indicated on the record that it did not agree that the "a cause"/"substantial factor" test applied to causation of damages and indicated that it did not agree with Pennell's modified WIS JI—CIVIL 1500 instruction.  The circuit court acknowledged that Pennell's objection was preserved for appeal:  "No, I decline to give that modified instruction. We'll make it part of the record though."  Pennell did not waive her objection.

for past wage loss. The jury did not award any future medical expenses or future pain and suffering.[4] Pennell moved for a new trial after the verdict, arguing that the circuit court erred in failing to give WIS JI—CIVIL 1500 as requested and refusing to give WIS JI—CIVIL 1720. The circuit court denied the motion.

*Standard of Review*

¶5      "The purpose of a jury instruction is to fully and fairly inform the jury of a rule or principle of law applicable to a particular case." *Nommensen v. American Cont'l Ins. Co.*, 2001 WI 112, ¶36, 246 Wis. 2d 132, 629 N.W.2d 301. "The correctness of the jury instruction affects the validity of a jury's verdict." *Kochanski v. Speedway SuperAmerica, LLC*, 2014 WI 72, ¶11, 356 Wis. 2d 1, 850 N.W.2d 160. Instructions are meant to "*explain* what the law means to persons who usually do not possess law degrees." *Nommensen*, 246 Wis. 2d 132, ¶36 (citation omitted). Whether a circuit court erred by stating the law incorrectly or in a misleading manner is a question of law we review de novo. *Smith v. Goshaw*, 2019 WI App 23, ¶9, 387 Wis. 2d 620, 928 N.W.2d 619.

¶6      "A challenge to an allegedly erroneous jury instruction warrants reversal and a new trial only if the error was prejudicial." *Fischer v. Ganju*, 168 Wis. 2d 834, 849, 485 N.W.2d 10 (1992). "An error is prejudicial when it probably misled the jury. Put another way, 'an error relating to the giving or refusing to give an instruction is not prejudicial if it appears that the result would not be different had the error not occurred.'" *Kochanski*, 356 Wis. 2d 1, ¶11 (citation omitted); *see also Dakter v. Cavallino*, 2015 WI 67, ¶105, 363 Wis. 2d 738, 866 N.W.2d 656

---

[4] Two jurors dissented to the answers for past medicals and future medicals.

(Roggensack, C.J., concurring); *Fischer*, 168 Wis. 2d at 850; *Goshaw*, 387 Wis. 2d 620, ¶19.

*Jury Instruction 1500: Causation*

¶7 Four elements must be present in order to sustain a cause of action for negligence in Wisconsin: "(1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a *causal connection* between the conduct *and the injury*; and (4) an actual loss or damage as a result of the injury." *Nieuwendorp v. American Family Ins. Co.*, 191 Wis. 2d 462, 475, 529 N.W.2d 594 (1995) (emphasis added). "The test of cause in Wisconsin is whether the defendant's negligence was a substantial factor in producing the injury." *Clark v. Leisure Vehicles, Inc.*, 96 Wis. 2d 607, 617, 292 N.W.2d 630 (1980). Wisconsin law recognizes that there may be multiple "causes" of an injury:

> The form of the special verdict question should refer to "a cause" or "a substantial factor" so that the jury will consider the verdict in accordance with the jury instructions, which instruct the jury that there may be more than one cause of the injury. The question should never refer to "the cause," because the negligence of several parties or other factors may jointly cause the injury. To inquire about "the cause" is to contradict the definition of causation and the instructions to the jury.

*Id.* at 618 (footnotes omitted).

¶8 Pennell requested that the circuit court give WIS JI—CIVIL 1500, with language addressing both a cause of the "accident" and a cause of the "injury." As this case involved disputes as to whose negligence was a cause of the accident as well as whether the accident was a cause of Pennell's headaches, it is clear that WIS JI—CIVIL 1500 should have been provided in a manner addressing both the accident and the injury. Pennell's requested alternate WIS JI—CIVIL 1500 was in line with a proper instruction to the jury under the circumstances of this case:

In answering questions 1 thru 5 you must decide whether someone's negligence caused the accident. These questions do not ask about "the cause" but rather "a cause" because an accident may have more than one cause. Someone's negligence caused the accident if it was a substantial factor in producing the accident. An accident may be caused by one person's negligence or by the combined negligence of two or more people.

Question number six and its subparts address damages. You must decide whether the accident on May 23, 2014, caused Monica Pennell's injuries. This question does not ask about "the cause" but rather "a cause" because an injury may have more than one cause. An accident caused the injuries if it was a substantial factor in producing the injuries.

¶9      The jury was never instructed on causation as it related to Pennell's

*injuries*.[5] The jury was only instructed on the issue of whether *Pennell's negligence*

*was a cause of the accident*.[6]      The circuit court ruled that Wɪs JI—

---

[5] The circuit court also instructed counsel for Pennell to "stay away from the word 'a' cause" in closing arguments as it pertained to her injuries.

[6] The jury was given a version of Wɪs JI—Cɪvɪʟ 1500 without reference to Pennell's injuries:

In answering question 4, you must decide whether someone's negligence caused the (accident). (This) question (does) not ask about "the cause" but rather "a cause" because an (accident) may have more than one cause. Someone's negligence caused the (accident) if it was a substantial factor in producing the (accident). An (accident) may be caused by one person's negligence or by the combined negligence of two or more people.

The instruction was applicable only to special verdict question four, which asked "[w]as Monica Pennell's negligence a cause of the accident," and referred specifically to a cause of the accident, not the injury.

CIVIL 202[7] sufficiently instructed the jury with regard to damages and, therefore, giving WIS JI—CIVIL 1500 on causation as to Pennell's injuries was unnecessary. The court erred. WISCONSIN JI—CIVIL 202 addresses the burden to prove damages, which is the fourth element of a negligence cause of action—"actual loss or damage as a result of the injury"—and WIS JI—CIVIL 1500 goes to the third element of a negligence cause of action—causation. We agree with Pennell that as a result, the jury was "misled into believing that the 'a cause'/'substantial factor' standard did not apply to assessing the causation of Pennell's injuries."

*Jury Instruction 1720: Aggravation of Pre-Existing Condition*

¶10     Given the facts presented, Pennell requested WIS JI—CIVIL 1720, addressing "aggravation or activation" of a pre-existing condition:

> In answering subdivision _____ of question _____, you cannot award any damages for any (pre-existing disease, condition, or ailment) (predisposition to disease) except insofar as you are satisfied that the (disease, condition, or ailment) (predisposition to disease) has been (aggravated) (activated) by the injuries received in the accident on (<u>date</u>). If you find that the plaintiff had a (pre-existing disease or condition which was dormant) (predisposition to disease) before the accident but that such (disease or condition) (predisposition to disease) was (aggravated) (brought into activity) because of the injuries received in the accident, then

---

[7]  WISCONSIN JI—CIVIL 202 provides:

> In considering the amount to be inserted by you in answer to each damage question, the burden rests upon each person claiming damages to convince you by the greater weight of the credible evidence, to a reasonable certainty, that the person sustained damages (with respect to the element or elements mentioned in the question) and the amount of the damages.

> The amount you insert should reasonably compensate the person named in the question for the damages from the (accident) (occurrence.)

you should include an amount which will fairly and reasonably compensate (plaintiff) for such damages (plaintiff) suffered as a result of such (aggravation) (activation) of the condition.

Any ailment or disability that the plaintiff may have had, or has, or may later have, which is not the natural result of the injuries received in this accident, is not to be considered by you in assessing damages. You cannot award damages for any condition which has resulted, or will result, from the natural progress of the pre-existing disease or ailment or from consequences which are attributable to causes other than the accident.

If the plaintiff was more susceptible to serious results from the injuries received in this accident by reason of a (pre-existing disease or condition) (predisposition to disease) and that the resulting damages have been increased because of this condition, this should not prevent you from awarding damages to the extent of any increase and to the extent such damages were actually sustained as a natural result of the accident.

¶11 The circuit court denied Pennell's request to give WIS JI—CIVIL 1720 to the jury, explaining that

[t]his is basically an all or nothing aspect. Either the accident, because she was totally healed, as a result of the problems she has now she's entitled to every penny she's put in; or the jurors may find that that accident had nothing to do with any headaches because three months went by, at least [according to American Family's] argument, with no cause.

¶12 The circuit court erred as the issue of causation of Pennell's injuries was an issue for the jury to resolve given the competing expert opinions regarding Pennell's injuries from the accident. Pennell's expert testified that the treatment for Pennell's post-traumatic headaches aggravated her pre-existing migraines, and Pennell testified that following the accident her headaches were more severe and frequent. American Family, in contrast, argued that the evidence demonstrated a long history of migraine headaches before the accident and no evidence of headaches in the first few months after the accident. American Family's expert may

be correct or Pennell's expert may be correct, but it is a matter for the jury to decide, not the court.

¶13    The jury was not instructed on what standard to apply when considering the overlap between Pennell's pre-accident headaches and her post-accident headaches.  "It is common in Wisconsin law that juries must differentiate damages due to the defendant's negligence from the plaintiff's prior condition or from damages caused by other parties."  *Gumz v. Northern States Power Co.*, 2007 WI 135, ¶66, 305 Wis. 2d 263, 742 N.W.2d 271.  It was error to require the jury to choose between Pennell's headaches being pre-existing migraines that were unrelated to the accident or headaches caused by the accident.  *See Young v. Professionals Ins. Co.*, 154 Wis. 2d 742, 747-51, 454 N.W.2d 24 (Ct. App. 1990); *see also Reserve Supply Co. v. Viner*, 9 Wis. 2d 530, 532, 101 N.W.2d 663 (1960) ("It is well-settled in Wisconsin that when evidence supports a number of contributing causes, the charge and the verdict should recognize that possibility and it is error to confine the causation question to a single cause.").

¶14    The facts presented clearly supported giving WIS JI—CIVIL 1720. The circuit court "must instruct the jury with due regard to the facts of the case, and thus '[i]t is error for the trial court to refuse to instruct on an issue which is raised by the evidence.'"  *Strait v. Crary*, 173 Wis. 2d 377, 382, 496 N.W.2d 634 (Ct. App. 1992) (citation omitted).

*Conclusion*

¶15    The court's refusal to instruct on causation of Pennell's injuries and refusal to give WIS JI—CIVIL 1720 resulted in the jury not being fully and fairly informed of the applicable rule of law based on the facts of this case.  The errors misled the jury and were prejudicial.  We cannot say that "the result would not be

9

different had the error not occurred." *See **Kochanski***, 356 Wis. 2d 1, ¶11 (citation omitted). We reverse and remand for a new trial.

*By the Court.*—Judgment reversed and cause remanded with directions.